J. S54037/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON AS TRUSTEE FOR GE-WMC ASSET-BACKED PASS-THROUGH CERTIFICATE SERIES 2005-2 TRUST | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| ANTHONY JOHN CONTE, III, A/K/A ANTHONY JOHN CONTE AND UNITED STATES OF AMERICA EASTERN DISTRICT | : : : : : | |
| APPEAL OF: ANTHONY JOHN CONTE, III, A/K/A ANTHONY JOHN CONTE | : : | No. 666 EDA 2015 |

Appeal from the Order January 29, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: July Term, 2010, No. 532

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　**FILED NOVEMBER 30, 2015**

*Pro se* Appellant, Anthony John Conte, III, also known as Anthony John Conte, appeals from the order entered in the Philadelphia County Court of Common Pleas denying his motion to set aside the sheriff's sale. He claims Appellee, Bank of New York Mellon as trustee for GE-WMC Asset-Backed Pass Through Certificate Series 2005-2 Trust, lacked capacity to sue and thus the trial court did not have subject matter jurisdiction. Appellant also claims the mortgage was assigned into the trust four years after it

---

[*] Former Justice specially assigned to the Superior Court.

closed.  We quash as judgment has yet to be entered against the United States.

We adopt the facts and procedural history set forth in the trial court's opinion.  **See** Trial Ct. Op., 4/14/15, at 1-3.[1]  As the caption reflects, Appellee also sued the United States of America, care of the United States Attorney for the Eastern District of Pennsylvania, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476.  Compl., 7/8/10, at 1 (unpaginated).  As set forth in paragraph ten of Appellee's complaint:

> The United States of America is made a Defendant herein pursuant to 28 U.S.C. [§] 2410, because of federal tax liens that have been filed with the Prothonotary of Philadelphia County in the Judgment Index Unit as follows . . . .

**Id.** at ¶ 10.[2]  Appellee requested foreclosure and sale of the mortgaged property.  **Id.** at 7 (unpaginated).  The United States has not responded to

---

[1] The trial court's opinion was docketed on this date.

[2] Section 2410 permits the courts of this Commonwealth to conditionally entertain suits affecting the United States:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
>
> \* \* \*
>
> (2) to foreclose a mortgage or other lien upon . . . .

Appellee's complaint. Judgment was never entered against the United States. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues in his brief:[3]

> The Common Pleas Court does not acquire subject matter jurisdiction over this matter when Appellee does not have capacity to sue.
>
> The mortgage was assigned into a trust over four (4) years **after** Appellee trust closed.

Appellant's Brief at 16, 21.

In support of his first issue, Appellant argues the adjustable rate note was not verified or sworn. Appellant identifies an alleged discrepancy between a copy of the note filed on August 23, 2013, and a copy filed on October 29, 2013. The discrepancy, Appellant maintains, invalidates Appellee's standing. We quash.

Pennsylvania Rule of Appellate Procedure 341 defines a final order for purposes of appeal:

> **(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of

---

real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a)(2).

[3] Appellant identified twelve issues in his statement of questions involved, **see** Appellant's Brief at 7-9, which he distilled into two in the argument section of his brief.

right from any final order of an administrative agency or lower court.

   **(b) Definition of final order.**  A final order is any order that:

   (1) disposes of all claims and of all parties . . . .

                    *    *    *

   **(c) Determination of finality.**  When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.

Pa.R.A.P. 341(a)-(c).  "The key inquiry in any determination of finality is whether there is an outstanding claim."  **Levitt v. Patrick**, 976 A.2d 581, 588 (Pa. Super. 2009) (citing Pa.R.A.P. 341).  "Where the United States, as a lienholder, is joined as a defendant in a mortgage foreclosure, and enters no defense to the foreclosure, judgment may be entered against it on the pleadings."  4 Goodrich Amram 2d § 1144(a):1; **accord** 22 Standard Pennsylvania Practice 2d § 121:71.  Both treatises cited **Hoffman v. Mancini Foods, Inc.**, 7 Pa. D. & C. 2d 772 (C.C.P. Montgomery 1956).[4]

---

[4] We acknowledge a trial court decision is ordinarily not binding on this Court.  **See Coleman v. Wyeth Pharm., Inc.**, 6 A.3d 502, 522 n.11 (Pa. Super. 2010).

In **Hoffman**, the plaintiff sued to foreclose a mortgage against the defendant, which also had a tax lien filed against it by the United States. **Id.** The **Hoffman** court concisely set forth as follows:

> Service was made upon, and notice given to the [United States] Government and the answer filed interposes no defense to the complaint and merely indicates a desire to join in the distribution as a lien holder after sale of the property.
>
> The prothonotary was apparently doubtful about his right to enter judgment against the United States Government under these circumstances. If it were a money judgment or a judgment adversely affecting any right of the Government, we would be more sympathetic with that decision.
>
> However, the judgment sought, far from being prejudicial to the rights of the Government, is only in aid of the Government's right to have the property sold and to share in the distribution in accordance with the priority of its lien. We, therefore, feel that the motion for judgment on the pleadings must be sustained and in accordance with the suggested form of such judgment we enter the following decree.

**Id.** at 772-73.

In this case, although Appellant did not file a motion for judgment on the pleadings, no judgment has been entered against the United States—similar to **Hoffman**. We are in accord with the reasoning of the **Hoffman** Court that a judgment must be entered against the United States to perfect

appellate jurisdiction by this Court.[5]  ***See id.***  Accordingly, we quash this appeal.

Appeal quashed.  Jurisdiction relinquished.

Judge Panella joins memorandum.

Judge Bowes files a dissenting statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2015

---

[5] As a judicial sale already occurred and the United States presumably was repaid, no prejudice seemingly inures to the United States.